United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   KENNETH R.  HOWELL, et al.,          No. C-13-1516 MMC

12          Plaintiffs,              **ORDER GRANTING DEFENDANT
                                     BRISTOL-MYERS SQUIBB CO.'S**
13     v.                            **MOTION TO STAY; VACATING MAY 17,
                                     2013 HEARING; VACATING MAY 31,**
14   BRISTOL-MYERS SQUIBB COMPANY, et  **2013 HEARING ON PLAINTIFFS'
     al.,                            MOTION TO REMAND; DENYING**
15          Defendants.              **WITHOUT PREJUDICE PLAINTIFFS'
                                     MOTION TO SHORTEN TIME**
16   _____/

17

18        Before the Court is defendant Bristol-Myers Squibb Company's "Motion to Stay the

19   Proceedings Pending Transfer to the Plavix MDL," filed April 10, 2013.  Plaintiffs have filed

20   opposition, to which defendant has replied.  Having read and considered the papers filed in

21   support of and in opposition to the motion, the Court deems the matter suitable for decision

22   on the parties' respective written submissions, VACATES the hearing scheduled for May

23   17, 2013, and rules as follows.

24        The instant complaint "involve[s] claims of death, personal injury, economic

25   damages,  punitive damages, and other claims of damages arising from the use of Plavix"

26   (see Compl. ¶ 1) brought on behalf of seventy-five named plaintiffs.  A number of

27   complaints raising similar claims are pending in a coordinated proceeding in the District of

28   New Jersey, titled In re: Plavix Marketing, Sales Practices and Products Liability Litig., MDL

No. 2418.  (See Def's. Mot. Ex. A.)  On April 10, 2013, the Judicial Panel on Multidistrict

Litigation ("JPML") conditionally transferred the instant action to the District of New Jersey

(see Def's Mot. Ex. D), and, according to the JPML's website, will consider plaintiffs'

opposition to transfer at a hearing scheduled for May 30, 2013.  Defendant asks the Court

to stay proceedings in the instant action pending the JPML's determination as to whether

the instant action will be transferred.

Other than defendant's motion to stay, the only matter pending before the Court is

plaintiffs' recently filed motion to remand, noticed for hearing on May 31, 2013.

Accordingly, the issue now presented is, in effect, whether this Court should consider the

merits of plaintiffs' motion to remand, or, instead, stay the instant action, with the

understanding that, in the event of transfer, the motion will be heard by the transferee

court.

Because a decision as to whether the instant action will be transferred will, in all

likelihood, be made shortly by the JPML, the stay sought by defendant likely will be of

limited duration.  In light of the anticipated brevity of the stay, and no significant prejudice

resulting from such stay having been identified by plaintiffs, the Court, in the interests of

conserving judicial resources and promoting consistency in the determination of common

issues,[1] finds a stay of the proceedings is appropriate.  See Rivers v. Walt Disney Co., 980

F. Supp. 1358, 1360 (C.D. Cal. 1997) (identifying factors to consider when determining

whether to stay action pending decision by JPML).

Accordingly, defendant's motion for a stay is hereby GRANTED.

//

---

[1]The issue presented by plaintiffs' motion to remand is whether McKesson
Corporation has been fraudulently joined as a defendant to the instant action.  The same
issue has been raised in motions to remand filed in other actions that are currently pending
in this district and have been stayed pending a decision by the JPML as to transfer of those
actions to the District of New Jersey.  See, e.g., Kinney v. Bristol-Myers Squibb Co., Civil
Case No. 12-4477 EMC (Doc. 45); Aiken v. Bristol-Myers Squibb Co., Civil Case No. 12-
5208 RS (Doc. 34); Vanny v. Bristol-Myers Squibb Co., Civil Case No. 12-5752 SI (Doc.
No. 32); Belinda v. Bristol-Myers Squibb Co., Civil Case No. 12-5941 (Doc No. 15); Arnold
v. Bristol-Myers Squibb Co., Civil Case No. 12-6426 TEH (Doc. No. 31); Green v. Bristol-
Myers Squibb Co., Civil Case No. 13-1489 SC (Doc. No. 17).

1    In light of the stay, the May 31, 2013 hearing on plaintiffs' motion to remand is

2  hereby VACATED, and plaintiffs' motion for an order shortening time to hear said motion is

3  hereby DENIED as moot.

4    **IT IS SO ORDERED.**

5

6  Dated:  May 7, 2013

7    MAXINE M. CHESNEY
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28